JOHN L. BATE v. ROBERT L. BATE, ET AL.

**Judgment—Adjudication.**

> Where in a suit in equity the chancellor orders one of the parties to pay into court certain money for the use of the other party and the judgment and order is affirmed in this court, the matter is finally adjudicated and it is too late for such defaulting party to further question the authority of the court to compel such payment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 3, 1877.

OPINION BY JUDGE PRYOR:

The original decree of the chancellor required the appellant to pay the money due the appellees into court on a certain day. That judgment was affirmed by this court, and a mandate issued accordingly. This fund in appellant's hands is under the chancellor's control, and appellant has now had nearly eighteen months in which to comply with the order of the chancellor. He now insists that the chancellor has no power to compel him to pay the money into court. This question was decided on the original appeal, and it is now too late to question the correctness of thaht judgment.

It appears that the appellant is amply able to comply with the judgment. If without means and in no condition to raise the money it would be futile for the chancellor to undertake by any such proceeding as this to make him do that which it was impossible for him to do. In this case it appears that appellant owns several hundred acres of land in Jefferson county worth $150 per acre, and a sufficient amount of real estate unincumbered to pay the debt. A refunding bond is no excuse for this refusal to comply with the decree. The money is required to be paid into court. Neither the response nor the amendment present any reason for discharging the rule, and the chancellor should enforce it. The action of the court below in making the rule absolute is *affirmed.*

*W. R. Thompson, for appellant.    R. W. Wooley, for appellees.*